United States District Court
Southern District of Texas
**ENTERED**
September 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Axip Energy Services, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-866 |
| | § | |
| W & T Offshore, Inc., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

After carefully considering the evidence, the agreements of the parties, and the parties' post-trial submissions, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52(a)(1):

## FINDINGS OF FACT

1. By agreement of the parties the Court conducted a one-day bench trial limited to the following issues:

   1.a  A finding as to the fair value of the compressors in W&T's possession on the date of trial. Both parties reserve the right at the bench trial to argue whether W&T must pay the same price for the 7th compressor as is set for the other 6 compressors.

   1.b  a finding as to the fair monthly rental rate on the compressors. Both parties reserve their right at the bench trial to argue about the duration of the rental period and the fair rental rate. The parties will be limited to 30 minutes per side for presentation of evidence regarding the fair monthly rental rate.[1]

---

[1] July 15, 2024, revised mediator proposal from Magistrate Judge Christina A. Bryan.

2. The parties made the following additional agreements:

    4. All other issues and claims in the lawsuit will be waived. All appeals will be waived. These waivers will be entered as a stipulation.

    5. W&T agrees to buy and Axip agrees to sell the 7 compressors "as is, where is" for the amount determined by the Court at the bench trial. The sale of the compressors will occur and be funded within 30 days of the entry of final judgment.

    6. W&T agrees to pay the difference, if any, between the rental payments it has made and the fair monthly rental rate as determined by the Court at the bench trial. The payment, if any, will be paid within 30 days of the entry of the final judgment.[2]

3. W&T Offshore, Inc. (W&T) has owned and operated the Main Pass 61A, Main Pass 61B, and South Pass 49A oil platforms (the "Platforms") since January 16, 2024.

4. W&T purchased the Platforms from Cox Operating, LLC ("Cox") in connection with bankruptcy proceedings. *See In re MLCJR LLC, et al.*; Cause No. 23-90324, in the United States Bankruptcy Court for the Southern District of Texas.

5. The following seven (7) compressors (the "Compressors"), related tools, and spare parts owned by Axip are currently located on the Platforms:

| Serial Number | Description |
| --- | --- |
| V1411 | Waukesha L7044GSI, Gemini FS604 |
| V2539 | Waukesha L7044GSI, Gemini FS504 |
| V2919 | Waukesha L7044GSI, Ariel JGD-4 |
| V2920 | Waukesha L7044GSI, Ariel JGD-4 |
| V2921 | Waukesha L7044GSI, Ariel JGD-4 |
| V2922 | Waukesha L7044GSI, Ariel JGD-4 |
| V1406 | Waukesha 8AT25GL, Dresser OF-6HU-4 |

---

[2] Id.

6. The Compressors are all three-stage compressors with an Original Equipment Manufacturer ("OEM") horsepower of 1680 bhp.

7. Axip Energy Services, L.P. (Axip) provided compression services to W&T on the Platforms from approximately January 16 until February 29, 2024.

8. Axip terminated all compression services on the Platforms as of February 29, 2024. The Compressors have remained on the Platforms since then.

9. V1406 and V2539 compressors were inoperable before W&T became the owner and operator of the Platforms and have remained inoperable since then.

10. The V2539 compressor requires a replacement engine to operate.

11. The V1406 compressor has not been operated since January of 2020.

12. W&T has not used the V1406 compressor and does not intend to use it.

13. The V1411, V2539, V2919, V2921, and V2922 compressors are past due for major maintenance (or overhauls) in 2024.

14. To maintain the V1411, V2539, V2919, V2921, and V2922 compressors, major maintenance (or overhauls) must be performed.

15. The estimated cost of the necessary major maintenance (or overhauls) on the V1411, V2539, V2919, V2921, and V2922 compressors is $250,000 per compressor.

16. Tiger Capital Group ("Tiger") appraised and determined the Orderly Liquidation Value - In Place ("OLV-IP") value of the Compressors as of October 31 2023, using market and income approaches. Using the acquired asset method of the market approach, and the discounted cash flow method of the income approach, Tiger determined the OLV-IP value of the Compressors to be $5,454,500.00.

17. The Tiger OLV-IP valuation assumed that the Compressors were generating income under the Cox rental contract.

18. The OLV-IP valuation should be adjusted downward by 15% because the Compressors are no longer being rented under the Cox contract.

19. The OLV-IP valuation is the most reasonable and objective means of determining fair market value in this case. It was prepared by a disinterested third party, and there is no evidence that it was based on incorrect data or faulty methodology. The valuations that Axip offered at trial are less reliable because they were prepared for this case by Robert Stiles, Axip's CEO.

20. Tiger defines the OLV-IP value as follows:

    An estimated amount, expressed in terms of U.S. dollars, which the target asset could typically realize, assuming that all assets that contribute to the revenue generating capability of the target asset would be sold intact as a bundle at a privately negotiated sale, properly advertised and professionally managed, by a seller obligated to sell over an extended period of time, usually within six to twelve months, as of the effective date of the appraisal report with both parties fully aware of all relevant facts. Furthermore, the ability of the asset group to draw sufficient prospective buyers to insure competitive offers is considered. All assets are to be sold "as is," "where is." Any deletions or additions to the total assets appraised could change the psychological and/or monetary appeal necessary to gain the values indicated. This appraisal concept is intended for asset-based planning purposes. Consideration is given for goodwill and intangible assets. This definition does not represent expectations in a bankruptcy auction.

21. Although Axip criticizes certain aspects of the Tiger OLV-IP valuation, (Plaintiff Axip Energy Services LP's Response to WTI's Trial Brief, docket no. 58 at p. 2), the Tiger valuation is reasonable under the facts of this case. Moreover, Tiger valued the compressors as of October 31, 2023. Since then the compressors have depreciated and now require major maintenance (or overhauls).

22. Accounting for the 15% discount adjustment for the Compressors, the adjusted OLV-IP value of the Compressors is $4,636,325.00.

23. $4,636,325.00 is the fair market value of the compressors at the time of trial.

24. The fair market value of the spare parts and tools on the Platforms at the time of the trial is $292,526.00.

25. W&T paid $317,824 for the six usable compressors for January 16 through February 29, 2024. This equals a monthly rental rate of $35,313 per usable compressor.

26. $35,313 per month is a reasonable rental rate for the compression services Axip provided on the Platforms between January 16-February 29, 2024.

27. W&T paid Axip an additional $17,500 per month per usable compressor as a bare rental for March through August 2024.

28. $17,500.00 per month per usable compressor is a reasonable rental rate after February 29, 2024.

## CONCLUSIONS OF LAW

1. The Compressors and spare parts and tools are goods.

2. The fair value of the compressors and spare parts and tools should be determined as of the date of trial, August 13, 2024.

3. Fair market value is a permissible means for determining "fair value" as used in the parties' agreement.

4. Fair market value of income producing property can be determined using various methods. Board of Supervisors of Louisiana State University v. Gerson, 260 So. 3d 634, 641 (La. App. 4th Cir. 2018), writ denied, 266 So.3d 292 (La. 2019).

5. "Business valuation methods are not an exact science and are basically guides to determine a fair market value for buyers and sellers of a given business. Vedros v. Vedros, 229 So. 3d 677, 689 (La. App. 5th Cir. 2017), writs denied, 237 So.3d 520 and 1185 (La. 2018).

6. The fair market value of Axip's spare parts and tools that remains on the W&T Platforms should be determined separately from the value of the Compressors.

## CONCLUSION

If any finding of fact should more properly be characterized as a conclusion of law, it is hereby adopted as a conclusion of law. If any conclusion of law should more properly be characterized as a finding of fact, it is hereby adopted as a finding of fact.

## ORDER

Plaintiff's Motion for Temporary Injunction Order (docket no. 11) is **DENIED AS MOOT**.

**SIGNED** at Houston, Texas, on this the 16th day of September, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE